# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NEENA ROCHELLE MURPHY-
    MARTIN,

                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

                Agency.

DOCKET NUMBER
DC-1221-16-0259-X-1

DATE: March 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cheri L. Cannon, Esquire, Washington, D.C., for the appellant.

Diane Duhig, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

¶1        On August 11, 2017, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in partial noncompliance with the Board's final decision, which granted the appellant's request for corrective action in her individual right of action (IRA) appeal. *Murphy-Martin v. Department of Veterans Affairs*, MSPB Docket No. DC-1221-16-0259-C-1, Compliance File (CF), Tab 16, Compliance Initial Decision (CID); *Murphy-Martin v. Department of Veterans Affairs*, MSPB Docket No. DC-1221-16-0259-W-1, Initial Appeal File, Tab 32, Initial Decision (ID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2        In a November 18, 2016 initial decision granting the appellant's request for corrective action in her IRA appeal, the administrative judge ordered the agency to rescind the appellant's removal; reinstate her effective December 2, 2015; and pay her the appropriate amount of back pay, with interest, and to adjust benefits with appropriate credits and deductions in accordance with the Office of Personnel Management (OPM) regulations. ID at 13-14. The initial decision became the final decision of the Board on December 23, 2016, after neither party filed a petition for administrative review.

¶3        On June 19, 2017, the appellant filed a petition for enforcement of the November 18, 2016 decision, asserting that the agency had not paid her the full amount of back pay owed or provided an accounting of its calculations. CF, Tab 1. In the August 11, 2017 compliance initial decision, the administrative judge granted the appellant's petition for enforcement and ordered the agency to take the following actions: (1) pay the appellant the appropriate amount of back pay with interest and to adjust benefits with appropriate credits and deductions in accordance with the OPM regulations; (2) restore the appellant's leave balances, Thrift Savings Plan (TSP) contributions, and other benefits to reflect the status

quo ante; (3) inform the appellant in writing of all actions taken to comply with the Board's order and the date on which it believed it has fully complied; and (4) identify the agency official charged with complying with the Board's order and inform such official in writing of the potential sanction for noncompliance. CID at 3-4. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(b)-(c). *Murphy-Martin v. Department of Veterans Affairs*, MSPB Docket No. DC-1221-16-0259-X-1, Compliance Referral File (CRF), Tab 1.

¶4    In a September 19, 2017 acknowledgement order, the Clerk of the Board ordered the agency to submit evidence showing that it complied with all of the actions identified in the compliance initial decision. *Id.* at 3. In addition, the Clerk informed the appellant that she could respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission and that, if she did not respond, the Board may assume she was satisfied and dismiss her petition for enforcement. *Id.*

¶5    On March 13, 2018, the agency submitted a compliance status report stating, among other things, that "unofficially, the undersigned [agency counsel] can aver" that an unspecified amount of back pay had been paid to the appellant and that the compliance matter should be dismissed.[3] CRF, Tab 2. On April 23, 2018, the agency resubmitted its March 13, 2018 status report with additional exhibits reflecting (without explanation) its calculations of the appellant's back

---

[3] In its compliance status report, the agency stated that it had paid the appellant compensatory damages in accordance with the October 27, 2017 initial decision in MSPB Docket No. DC-1221-16-0259-P-1, and attorney fees in accordance with the November 8, 2017 initial decision in MSPB Docket No. DC-1221-16-0259-A-1. CRF, Tab 2 at 5. However, the agency's payment of compensatory damages and attorney fees are not at issue in this compliance matter. CF, Tab 1; CID. Accordingly, neither issue will be addressed herein.

pay award and interest on the back pay, retroactive TSP contributions, and benefit and leave adjustments. CRF, Tab 3 at 8-43. The appellant did not respond to the agency's compliance submissions.

## ANALYSIS

¶6    When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶7    As discussed above, the agency stated that it has paid the appellant the back pay owed and provided evidence reflecting its calculations. CRF, Tabs 2-3. Although the agency's submissions do not provide a clear explanation of its compliance actions, the appellant, who is represented by counsel, has not responded to them, despite being informed of her opportunity to do so and the consequences of not responding. Accordingly, the Board assumes she is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶8    In light of the foregoing, we find the agency in compliance and DISMISS the petition for enforcement.[4] This is the final decision of the Merit Systems

---

[4] The agency has not demonstrated compliance with the administrative judge's order to identify the agency official charged with complying with the Board's order and to inform such official in writing of the potential sanction for noncompliance. CID at 4. Nonetheless, given the appellant's apparent satisfaction with the agency's compliance,

Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

we do not find that the agency's failure to comply with this requirement precludes dismissal of the appellant's petition for enforcement.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.